USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-24-17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

JOSEPH SHAW,

            *Plaintiff,*

- against -

ZIMMER, INC. and ZIMMER HOLDINGS, INC., n/k/a
ZIMMER BIOMET HOLDINGS, INC.

            *Defendants.*

------------------------------------------------------------------- X

17-cv-2119 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Joseph Shaw brings this action against Zimmer, Inc. and Zimmer Holdings, Inc. n/k/a Zimmer Biomet Holdings, Inc. (collectively "Defendants"), for injuries he allegedly sustained from a hip implant system manufactured by Defendants. Defendants move to dismiss four of Plaintiff's seven claims. For the reasons that follow, the motion is denied in part and granted in part.

## BACKGROUND

Plaintiff initiated this action on March 23, 2017. His complaint alleges that he was implanted with a Zimmer M/L Taper with Kinectiv® Technology Hip Implant System ("Kinective Hip System") in his right hip on April 27, 2010; and in his left hip on June 11, 2010. Compl. ¶ 13. Plaintiff alleges that the Kinective Hip System was defective and began to corrode, causing him pain and instability as it damaged the surrounding tissues. *Id.* ¶ 62(a)–(g). He underwent surgery to replace the Kinective Hip System on his right side on March 24, 2015. *Id.* ¶ 62(h).

The complaint alleges seven causes of action. The first three counts allege strict liability for design defect ("Count One"), manufacturing defect ("Count Two"), and failure to warn

("Count Three"). *Id.* ¶¶ 66–94. The remaining four counts allege negligence in design, manufacture, and labeling ("Count Four"), negligent misrepresentation ("Count Five"), breach of express warranty ("Count Six"), and breach of implied warranty ("Count Seven"). *Id.* ¶¶ 95–127. Defendants now move to dismiss Counts Four, Five, Six, and Seven under Federal Rule of Civil Procedure 12(b)(6).

## DISCUSSION

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must have sufficient "factual plausibility" to allow the court "to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff's factual allegations must "raise a right to relief above the speculative level" and cross "the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Because the parties proceed from the assumption that New York law governs this diversity action, the Court will apply New York law. *See Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133, 138 (2d Cir. 2000).

### I. Negligence

Defendants contend that the negligence claim should be dismissed because New York law treats any difference between negligence and strict liability as inconsequential, and Rule 12(f) requires the Court to dismiss claims that are redundant. Defendants fail to cite a single New York case dismissing a negligence claim as duplicative of a strict liability claim. To the contrary, regardless of any overlap between the elements of the two theories of liability, New York law recognizes that plaintiffs may maintain separate causes of action for each. *See Voss v. Black & Decker Mfg. Co.*, 450 N.E.2d 204, 206–07 (N.Y. 1983). Accordingly, the Court denies Defendants' motion to dismiss Count Four.

## II. Negligent Misrepresentation

Next, Defendants argue that Plaintiff's negligent misrepresentation claim should be dismissed because it is time-barred and, in the alternative, because Plaintiff fails to allege the element of privity. Plaintiff responds that his claim is not time-barred because Defendants continued to make misrepresentations after March 2, 2010, and that the claim should not be dismissed for lack of privity because the existence of privity is often a question of fact.

Under New York law, a negligent misrepresentation claim requires "either actual privity of contract between the parties or a relationship so close as to approach that of privity." *Marcellus Constr. Co., Inc. v. Village of Broadalbin*, 302 A.D.2d 640, 640 (N.Y. App. Div. 2003) (quoting *Prudential Ins. Co. of Am. v. Dewey, Ballantine, Bushby, Palmer & Wood*, 605 N.E.2d 318, 320 (N.Y. 1992)). Absent privity of contract, a plaintiff must demonstrate:

> (1) an awareness by the maker of the statement that it is to be used for a particular purpose; (2) reliance by a known party on the statement in furtherance of that purpose; and (3) some conduct by the maker of the statement linking it to the relying party and evincing its understanding of that reliance.

*Id.* at 640–41 (citations omitted). Here, Plaintiff was not in privity of contract with Defendants, and he has not alleged that he was a "known party" to Defendants or that Defendants undertook specific conduct linking them to him and evincing their understanding of his alleged reliance on their statements. Thus, Plaintiff fails to state a claim for negligent misrepresentation. *See DiBartolo v. Abbott Laboratories*, 914 F. Supp. 2d 601, 624 (S.D.N.Y. 2012) (dismissing negligent misrepresentation claim against pharmaceutical manufacturer for lack of privity). Accordingly, the Court dismisses Count Five for failure to state a claim, and it need not address the time-bar issue.

## III. Breach of Express Warranty

Next, Defendants contend that Plaintiff's breach of express warranty claim should be dismissed because Plaintiff has not identified any statement by Defendants constituting a warranty. Although Defendants argue primarily that this absence of any statement precludes Plaintiff from satisfying an exception to the statute of limitations, the Court finds that Plaintiff simply fails to state a claim for breach of express warranty.

To state a claim for breach of express warranty, a plaintiff must "show that there was an affirmation of fact or promise by the seller, the natural tendency of which was to induce the buyer to purchase[,] and that the warranty was relied upon." *Schimmenti v. Ply Gem Indus., Inc.*, 156 A.D.2d 658, 659 (N.Y. App. Div. 1989) (quotation and alteration omitted). Here, Plaintiff alleges that "Defendants represented that the Zimmer M/L Taper with Kinectiv® Technology Hip Implant System was safe and effective, that it was safe and effective for use by individuals such as Plaintiff, and/or that it was safe and effective to treat Plaintiff's condition." Compl. ¶ 115. He further alleges that these representations were made "to health care professionals, the FDA, Plaintiff, and the public in such a way as to induce its purchase or use" but does not specify how or where these representations were made. *Id.* Such allegations "fail[] to identify the actionable conduct on the part of the defendants." *See Gelber v. Stryker Corp.*, 788 F. Supp. 2d 145, 165 (S.D.N.Y. 2011) (dismissing claim that defendants breached express warranty representing that hip implant system was "safe and effective for its intended purpose" because "the Amended Complaint does not allege where these alleged representations appeared or to whom they were made"); *Horowitz v. Stryker Corp.*, 613 F. Supp. 2d 271, 286 (E.D.N.Y. 2009) ("Plaintiff does not even describe how this representation was made. Without sufficient allegations identifying the conduct at issue, plaintiff has failed to give the defendants notice of

4

the grounds of her claim."). Accordingly, the Court dismisses Count Six for failure to state a claim.

**IV. Breach of Implied Warranty**

Finally, Defendants argue that Plaintiff's breach of implied warranty claim should be dismissed as untimely. Under New York law, the "limitations period for breach-of-warranty claims is four years from the date when tender of delivery is made." *Gelber*, 788 F. Supp. 2d at 166 (citing *Heller v. U.S. Suzuki Motor Corp.*, 477 N.E. 2d 434, 435 (N.Y. 1985); N.Y.U.C.C. § 2–725(2)). Although an exception exists "where a warranty explicitly extends to future performance of the goods," this exception applies only to express warranties rather than implied warranties. *Orlando v. Novurania of America, Inc.*, 162 F. Supp. 2d 220, 224 (S.D.N.Y. 2001) (quoting N.Y.U.C.C. § 2–725(2)). Here, tender of delivery was made when Plaintiff received the right hip implant on April 27, 2010, and Plaintiff did not initiate this action until March 23, 2017. Plaintiff did not bring this action within the four-year limitations period. The Court dismisses Count Seven as time-barred.

## CONCLUSION

For the foregoing reasons, the Court DENIES the motion to dismiss the negligence claim and GRANTS the motion to dismiss the claims alleging negligent misrepresentation, breach of express warranty, and breach of implied warranty.

Dated: New York, New York
November 29, 2017

SO ORDERED

PAUL A. CROTTY
United States District Judge