UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
   IN RE:

   ZIMMER M/L TAPER HIP PROSTHESIS OR M/L   :   18-MD-2859 (JMF)
   TAPER HIP PROSTHESIS WITH KINECTIV        :   18-MC-2859 (JMF)
   TECHNOLOGY AND VERSYS FEMORAL HEAD
   PRODUCTS LIABILITY LITIGATION                                 ORDER

   *This Document Relates to All Actions*

---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       This litigation has been reassigned to the undersigned. Unless and until the Court orders otherwise, all dates and deadlines shall remain in effect notwithstanding the reassignment, except that any currently scheduled conference or oral argument with the Court is adjourned pending further order of the Court. **All counsel must familiarize themselves with the Court's Individual Rules, which are available at** http://nysd.uscourts.gov/judge/Furman.

       It is hereby ORDERED that no later than **April 25, 2024**, the parties shall file on ECF a joint letter, described below, updating the Court on the status of the case. The joint letter shall not exceed eight pages and shall provide the following information in separate paragraphs:

1. A list of all member cases that remain to be litigated ("Live Cases");[1]

2. Whether any case other than the Live Cases that remains open can be closed (administratively or otherwise), specifically addressing the status of *Sullens*, which is open but has had no docket activity since July 13, 2022;

---

[1]    The following six cases remain open on ECF, only two of which (*Strode* and *McMillian* — the latter of which is listed with the wrong docket number) were listed in the parties' most recent status letter, *see* ECF No. 598:

   *Strode et al v. Zimmer Biomet Holdings, Inc. et al.*, 18-CV-10188 (JMF);
   *Sullens v. Zimmer Biomet Holdings, Inc. et al.*, 19-CV-4082 (JMF);
   *McMillian v. Zimmer US, Inc. et. al.*, 20-cv-02358 (JMF)
   *Krishka v. Zimmer, Inc. et al.*, 23-CV-6232 (JMF);
   *James et al. v. Zimmer, Inc. et al.*, 24-CV-327 (JMF); and
   *Dunn v. Zimmer, Inc et al.*, 24-CV-540 (JMF)

The parties' letter should confirm whether all of these cases are Live Cases and whether there are any other Live Cases.

3. The status of the Master Settlement Agreement ("MSA"), including but not limited to the timing and process for dismissal of any not-yet-dismissed cases that are part of the MSA;

4. The status of all Live Cases, including whether they are in mediation, see ECF No. 615, the status of any such mediation, and whether the Court can do anything to facilitate any such mediation;

5. The names of counsel for the Zimmer Defendants, the Plaintiff's Executive Committee, and counsel for Plaintiffs in all Live Cases, as well as current contact information for all of these counsel;

6. All existing deadlines, due dates, and/or cut-off dates;

7. A statement of any previously scheduled conference dates with the Court that have not yet occurred and the matters that were to be discussed;

8. A brief description of any outstanding motions, including the date of the motion and the nature of the relief sought;

9. A statement and description of any pending appeals;

10. A detailed statement of all discovery undertaken to date (both generally and specifically in the Live Cases), including how many depositions each party has taken and what, if any, discovery remains that is essential for the parties to engage in meaningful settlement negotiations;

11. Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

In accordance with the Court's Individual Rules and Practices, requests for extensions or adjournment may be made only by letter-motion filed on ECF and must be received at least 48 hours before the deadline or conference. The written submission must state (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (5) the date of the parties' next scheduled appearance before the Court.

SO ORDERED.

Dated: April 12, 2024
New York, New York

_____
JESSE M. FURMAN
United States District Judge